**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2321
_____

MEGHAN GLASSON,
                                        Appellant
v.

CITIZENS BANK OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 2-19-cv-05023)
District Court Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
June 22, 2022
_____

Before: McKEE, RESTREPO and BIBAS, *Circuit Judges*

(Opinion filed: September 6, 2022)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

In this employment discrimination suit, Meghan Glasson appeals the District Court's grant of summary judgment to Citizens Bank of Pennsylvania on her sex discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. We will affirm the grant of summary judgment in Citizens' favor for the reasons set forth below.[1]

## I.

## A.

To survive a motion for summary judgment on her discrimination claims under the *McDonnell Douglas* framework, Glasson must first establish a prima facie case.[2] She must show that she: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) someone in a non-protected class, otherwise similarly situated, was treated more favorably.[3] Here, the parties dispute only the fourth element of the prima facie case.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. *Burton v. Teleflex Inc.*, 707 F.3d 417, 424–25 (3d Cir. 2013).

[2] *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021). Under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "after a plaintiff makes out a *prima facie* case, the burden of production shifts to the employer to provide a legitimate, non-retaliatory reason for its action against the plaintiff, and then the plaintiff may prevail at summary judgment only if he has evidence that the employer's response is merely a pretext." *Id.* at 536 n.3. The standards for evaluating claims under Title VII and the PHRA are the same for purposes of determining summary judgment motions. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999).

[3] *Burton*, 707 F.3d at 426. A plaintiff can also satisfy the fourth element by showing they were replaced by someone not in a protected class. Here, however, Glasson was replaced by another woman.

2

To determine whether a comparator is similarly situated, we conduct "a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner."[4] Elements to be considered include "job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace."[5] We agree with the District Court's conclusion that Glasson has not shown a similarly situated employee was treated more favorably.

Glasson's comparator, a male regional manager in her peer group, had been in the position for a shorter time than her. They shared similar P&L rankings during their initial years as managers, and neither received discipline. However, by the time each reached their eighteenth month in the position, the comparator had improved his P&L ranking to 2nd while Glasson remained near the bottom. Nor does consideration of Glasson's change in peer group alter this analysis. While length of employment is not dispositive to the comparator classification, Glasson has not shown that her assignment to a new peer group had any bearing on her performance rankings. Therefore, Glasson has not established a prima facie case of discrimination.

**B.**

We also note, assuming arguendo that Glasson had established a prima facie case of discrimination, she still fails to satisfy her burden under *McDonnell Douglas*. At the second step of the burden-shifting analysis, Citizens had to proffer a legitimate

---

[4] *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004).
[5] *Id.*

nondiscriminatory reason for Glasson's termination.[6] Citizens relies upon Glasson's continuously poor job performance,[7] and Glasson has not shown that this was merely a pretext to cover a discriminatory animus.

To show such pretext, a "plaintiff must point to some evidence[] . . . from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."[8] Glasson attempts to invoke the "cat's paw" (or subordinate bias) theory to assert that her supervisor's discriminatory animus toward her was the proximate cause of her termination rather than her job performance. To establish pretext under this theory, Glasson must produce evidence that the illegal animus of a non-decisionmaker, rather than the decisionmaker, was the proximate cause of the adverse employment action.[9] Regardless of the approach, however, Glasson has failed to show that her termination was pretextual. Glasson does point to evidence that her performance improved, but the record does not show that she ever satisfied the goals Citizens set for her: reaching the top half of her peer group and "show[ing] immediate and *sustained* improvement."[10]

---

[6] *See Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000).
[7] *See Ross v. Gilhuly*, 755 F.3d 186, 193–94 (3d Cir. 2014) (finding "demonstrably poor job performance" can be a legitimate, nondiscriminatory reason for termination); *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995) (finding "documented continuous performance problems" established legitimate, nondiscriminatory reasons for termination).
[8] *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).
[9] *McKenna v. City of Philadelphia*, 649 F.3d 171, 177–78 (3d Cir. 2011).
[10] JA 276–86, 335–36, 381. Even if Citizens' evaluation was wrong, absent evidence of an intentional mistake to cover a discriminatory bias, Glasson would still not be able to

## II.

Glasson's retaliation claims fare no better. To establish a prima facie case for unlawful retaliation, Glasson must establish that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."[11] Glasson has not shown that she engaged in a protected activity. For a complaint to be cognizable as protected activity for purposes of a retaliation claim under Title VII, "[a] plaintiff need only allege discrimination on the basis of race, color, religion, sex, or national origin."[12] Though this is a "low bar," a plaintiff's complaint must allege the prohibited ground and even "vague allegations of 'civil rights' violations" are insufficient.[13]

Glasson submitted two complaints to employee relations. However, even if we assume those complaints were sufficient to raise a retaliation claim (a tenuous proposition on this record), she has failed to show Citizen's reason for terminating her was pretextual.

## III.

Accordingly, for the reasons stated above, we will affirm the judgment of the District Court.

---

satisfy her evidentiary burden. Evidence that merely "show[s] that the employer's decision was wrong or mistaken" cannot demonstrate that an employer's decision to fire an employee was motivated by discriminatory animus. *Fuentes,* 32 F.3d at 765.

[11] *Moore v. City of Philadelphia,* 461 F.3d 331, 340–41 (3d. Cir. 2006) (quotation marks omitted).

[12] *Slagle v. County of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006).

[13] *Id.*